**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**TIMOTHY J. SULLIVAN**<br>**CHIEF MAGISTRATE JUDGE** | **6500 Cherrywood Lane**<br>**Greenbelt, Maryland 20770**<br>**Telephone: (301) 344-3593** |

February 23, 2026

LETTER TO COUNSEL:

      RE:    *Cleta S. v. Frank Bisignano, Commissioner of Social Security*[1]
                 Civil No. TJS-25-434

Dear Counsel:

      On February 11, 2025, Plaintiff Cleta S. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 13, 15 & 16), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Cleta S. filed her applications for DIB and SSI on April 4, 2016, and April 8, 2015, respectively. In both applications, she alleged a disability onset date of April 8, 2015. *See* ECF No. 13 at 1. Her applications were denied initially and upon reconsideration. After a 2018 hearing before an ALJ, the ALJ found that Cleta S. was not disabled. Tr. 12-45. When the Appeals Council denied her request for review, Cleta S. appealed to this Court, which remanded the case to the agency for further proceedings. *Cleta S. v. Saul*, No. CBD-19-2906, 2020 WL 6565250 (D. Md. Nov. 9, 2020). On remand, another hearing was conducted before an ALJ, and the ALJ again concluded that Cleta S. was not disabled. Tr. 1324-1356. Cleta S. appealed to this Court a second time, and with the consent of the agency, the Court remanded the case for further proceedings. *See* ECF No. 17 in *Cleta S. v. Kijakazi*, No. BAH-22-1563 (D. Md. 2023). When the case was heard for the third time before an ALJ, the ALJ again concluded that Cleta S. was not disabled, and the Appeals Council denied Cleta S.'s request for review. Cleta S. now appeals from the ALJ's decision dated December 12, 2024 (Tr. 2792-2810).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On January 8, 2026, it was reassigned to me.

The ALJ evaluated Cleta S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Cleta S. has not engaged in substantial gainful activity since April 8, 2015. Tr. 2795. At step two, the ALJ found that Cleta S. suffers from the following severe impairments: "obesity, lumbar degenerative disc disease (DDD) with radiculopathy, degenerative joint disease (DJD) of the bilateral knees, arthropathy, bilateral sympathetic uveitis of the eyes, Graves' disease, migraine, panic disorder with agoraphobia, obsessive compulsive disorder (OCD), Post-traumatic stress disorder (PTSD), and Major depressive disorder (MDD)." *Id.* At step three, the ALJ found that Cleta S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 2796. The ALJ determined that Cleta S. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: never crawl or climb ladders, ropes, or scaffolds; occasionally climb ramps/stairs, balance, stoop, kneel, and crouch. She can never be exposed to hazards such as dangerous moving machinery and unprotected heights and can tolerate moderate noise intensity level as defined in the Dictionary of Occupational Titles (DOT) with no work outdoors and no operation of a motor vehicle. She can understand, remember, and carry out simple instructions and make simple work-related decisions. She can work at a consistent pace throughout the workday, but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. She can tolerate occasional interaction with coworkers, supervisors, and the public. She can tolerate occasional changes in work setting.

Tr. 2799.

At step four, the ALJ determined that Cleta S. has no past relevant work. Tr. 2808. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Cleta S. could perform jobs that exist in significant numbers in the national economy, including survey worker, photocopying machine operator, and office helper. Tr. 2809.

Cleta S. presents several arguments as to why the Court should reverse or remand the Commissioner's December 12, 2024 decision. Having reviewed Cleta S.'s arguments, the Court finds that the ALJ failed to conduct the function-by-function assessment required by SSR 96-8p and that the case must be remanded. Because the Court finds that remand is warranted on this basis, the Court declines to address Cleta S.'s remaining arguments.

A claimant's RFC represents the most they can still do despite their limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 SSR LEXIS 5, *1 (July 2, 1996). A "regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* When evaluating a claimant's RFC, an ALJ must include a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). In doing so, an ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*,

2

916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). The narrative discussion must show "how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7. Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding on the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Cleta S. argues that the ALJ failed to perform a function-by-function assessment of her work-related functions, as required by the regulations. ECF No. 13 at 14. She notes that while the ALJ determined that she could perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), the ALJ did not discuss her ability to perform the functions involved in light work (lifting, carrying, pushing, pulling, sitting, standing, and walking). *Id.* at 13. Notably, while the ALJ determined that Cleta S. walks, stands, and sits "at a somewhat reduced rate," she did not state with specificity how Cleta S. was so limited. Tr. 2800. Because the ALJ did not perform a function-by-function assessment of the functions involved in light work, Cleta S. argues that the RFC determination is "materially incomplete." *Id.* Rather than performing a function-by-function analysis to determine her RFC, Cleta S. argues, the ALJ "decided that she would evaluate Plaintiff's symptoms and let that evaluation guide her determination." *Id.* at 16. But conducting a symptom-based analysis and not a function-by-function analysis is not what the regulations require. *Dowling*, 986 F.3d at 387. A claimant's symptoms are relevant to the RFC evaluation, but an RFC assessment is a "separate and distinct inquiry from a symptom evaluation." *Id.*

The Court is persuaded by Cleta S.'s argument. While the ALJ conducted a thorough review of the claimant's symptoms, the ALJ failed to explain how those symptoms translated into the functional limitations set forth in the RFC assessment. The ALJ's symptom-based analysis in this case is analogous to those that other judges have rejected. *See Nicole C. v. Kijakazi*, No. JMC-22-2123, 2023 WL 4027481 (D. Md. June 15, 2023); *Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408 (D. Md. May 17, 2022); *Nancy G. v. Kijakazi*, No. GLS-20-3440, 2022 WL 363824 (D. Md. Feb. 4, 2022). The Court cannot supply a function-by-function analysis that the ALJ did not perform and then review the analysis as though it was written by the ALJ. This Court's role is to review the ALJ's reasoning, not to construct it in the first instance.

The ALJ's decision contains no findings as to how long Cleta S. can sit, stand, or walk during an eight-hour workday, nor does it state how much she can lift, carry, push, or pull. This gap in the analysis materially undermines the Court's ability to review the ALJ's decision for substantial evidence and compliance with the governing legal standards. And as noted above, this error is compounded by the ALJ's finding that Cleta S.'s functioning in the areas of walking, standing, and sitting was at least "somewhat reduced." Tr. 2800. It may be that Cleta S.'s limitations in these functional areas are entirely consistent with the RFC. But because the ALJ has not explained what she has found Cleta S. to be capable of doing, the Court cannot adequately review the decision.

The Court rejects the Commissioner's contention that Cleta S.'s argument must fail because she does not point to evidence that would lead to a more restrictive RFC. ECF No. 15 at

3

16. The ALJ's failure to follow the function-by-function framework frustrates the Court's ability to conduct the required review. The Court cannot, as the Commissioner implies, simply assume that the ALJ's RFC is supported by substantial evidence unless the claimant proves otherwise. While the Fourth Circuit has rejected a per se rule that an ALJ's failure to perform the function-by-function analysis always requires remand, remand is appropriate when the ALJ's analysis is so deficient as to frustrate meaningful review. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In this case, the ALJ's explanation for the limitations set forth in the RFC is too general to provide a sufficient explanation, especially considering the claimant's many severe impairments. Because the ALJ did not perform a function-by-function assessment, the Court cannot find that the RFC determination is supported by substantial evidence. The case must be remanded for further proceedings. The Court expresses no opinion on the ultimate issue of Cleta S.'s disability.

      For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 13 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

      Sincerely yours,

      /s/
      Timothy J. Sullivan
      Chief United States Magistrate Judge